**FILED**
CLERK, U.S. DISTRICT COURT

MARCH 29 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: vdr _____ DEPUTY

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JOANNA ARDALAN,

Plaintiff,

v.

GABRIELA BORCHARDT, et al.,

Defendants.

**Case No. CV 21-02540-FMO (RAOx)**

**ORDER REMANDING ACTION**

## I.

## FACTUAL BACKGROUND

In June 2020, Plaintiff Joanna Ardalan filed an action for breach of contract, negligence, and unjust enrichment in Los Angeles County Superior Court seeking a declaratory judgment and money damages against Defendants Josephine Borchardt, Genevieve Borchardt, Francesca Borchardt, and Gabriela Borchardt, and Does 1 to 10 ("Defendants"). Notice of Removal, Exh. 1 (Summons and Complaint ("Complaint")). Dkt. No. 1.

Plaintiff alleged that, in October 2019, Defendants Josephine and Genevieve Borchardt signed an agreement to lease Plaintiff's real property ("property"), located in Los Angeles, California, and that all named Defendants thereafter resided

1    in the property.  Complaint at ¶¶ 2-5, 7, 9-11, 42, 53, and Exh. A.  Plaintiff further

2    alleged that Defendants repeatedly failed to pay rent on time and made numerous,

3    often groundless, complaints about the condition of the property but then obstructed

4    Plaintiff's ability to remedy the alleged issues.  *Id.* at ¶¶ 11-34.  According to

5    Plaintiff, in May 2020, Defendants announced that they would terminate the lease

6    pursuant to California Civil Code § 1942 (providing for termination by lessee

7    where conditions are uninhabitable) but did not vacate the property.  *Id.* at ¶¶ 35-53.

8         On March 23, 2021, Defendants filed a Notice of Removal ("Removal")

9    invoking the Court's federal question jurisdiction.  Removal at 2 (alleging federal

10   jurisdiction pursuant to U.S.C § 1331 and 42 U.S.C. § 1983).  Defendants allege that

11   this Court has jurisdiction under the Due Process and Equal Protection Clauses of the

12   Fourteenth Amendment because the state court has made improper rulings and

13   exhibited bias during the proceedings in Plaintiff's case in favor of Plaintiff and

14   against Defendants based on Defendants' pro se status and because they are women.

15   *Id.* at 3-8.  Defendants have also submitted a request to proceed in forma pauperis.

16   Dkt. No. 3.

17                                    **II.**

18                               **DISCUSSION**

19        Federal courts are courts of limited jurisdiction, having subject matter

20   jurisdiction only over matters authorized by the Constitution and statute.  *See, e.g.,*

21   *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed.

22   2d 391 (1994).  It is this Court's duty always to examine its own subject matter

23   jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L.

24   Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an

25   obvious jurisdictional issue.  *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336

26   F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity

27   to respond when a court contemplates dismissing a claim on the merits, it is not so

28   when the dismissal is for lack of subject matter jurisdiction.") (omitting internal

1   citations).   A defendant attempting to remove an action from state to federal court

2   bears the burden of proving that jurisdiction exists.   *See Scott v. Breeland*, 792 F.2d

3   925, 927 (9th Cir. 1986).   Further, a "strong presumption" against removal

4   jurisdiction exists.   *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

5        Defendant asserts that this Court has subject matter jurisdiction pursuant to

6   28 U.S.C. §§ 1331 and 1441.   Removal at 2.   Section 1441 provides, in relevant part,

7   that a defendant may remove to federal court a civil action in state court of which the

8   federal court has original jurisdiction.   *See* 28 U.S.C. § 1441(a).   Section 1331

9   provides that federal "district courts shall have original jurisdiction of all civil actions

10  arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331.

11       Here, the Court's review of the Notice of Removal and the Complaint makes

12  clear that this Court does not have federal question jurisdiction over the instant matter

13  under 28 U.S.C. § 1331.   "The presence or absence of federal-question jurisdiction

14  is governed by the 'well-pleaded complaint rule,' which provides that federal

15  jurisdiction exists only when a federal question is presented on the face of the

16  plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386,

17  392, 107 S. Ct. 2425, 2429, 96 L. Ed.2d 318 (1987).   Here, the Complaint alleges

18  only straightforward causes of action for breach of contract, negligence, and unjust

19  enrichment under California law.   Although "a claim that seemingly rests solely on

20  state law may nonetheless be removable" where federal law is found to have

21  preempted state law, *see Galvez v. Kuhn* (9th Cir. 1991) 933 F.2d 773, 776 (9th Cir.

22  1991), there is no basis for finding preemption in the instant case.   Because Plaintiff's

23  complaint does not present a federal question, either on its face or as artfully pled,

24  the Court lacks jurisdiction under 28 U.S.C. § 1441.[1]

25  -----------------------

26  [1]   Although 28 U.S.C. § 1443 on its face appears to provide an avenue for removal
    of a case commenced in state court "[a]gainst any person who is denied or cannot

27  enforce in [state court] a right under any law providing for equal civil rights," that
    statute does not entitle Defendants to removal here.   *See*, *e.g.*, *Inland Valley*

28  *Development Agency v. Patel*, 116 Fed. Appx. 98, 100 (9th Cir. 2004) (finding

3

1

**III.**

2

**CONCLUSION**

3     Accordingly, IT IS ORDERED that this case is REMANDED to the Superior

4     Court of California, County of Los Angeles, forthwith.

5     IT IS SO ORDERED.

6

7     DATED:  March 29, 2021

8

9                                    _____/s/_____

FERNANDO M. OLGUIN

10                                   UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24     _____

25     allegations that defendant "is unable to obtain a fair trial in a particular state court"

26     insufficient to support removal pursuant to section 1443(1)); *see also People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (per curiam) (rejecting

27     argument that Fourteenth Amendment provides basis for removal pursuant to section 1443).

28

4